**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LISA A. JOHNSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOUTHERN ILLINOIS UNIVERSITY EDWARDSVILLE,**<br><br>**Defendant.** | **Case No. 3:25-CV-2144-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Lisa A. Johnson filed this action against Southern Illinois University Edwardsville ("SIUE") under Title VII. (Doc. 1). Specifically, she alleges sex discrimination, sexual harassment, and retaliation. (*Id.*).

Now before the Court is Johnson's Motion to Compel. (Doc. 29). SIUE filed an opposition on October 27, 2026 (Doc. 32), Johnson filed a reply on October 30 (Doc. 33), and SIUE filed a sur-reply on November 13 (Doc. 35). This motion is now ripe for the Court's review.

## Background

The facts relevant to this motion are as follows. Johnson is an employee of the SIUE Police Department. (Doc. 1, p. 1). She alleges that Rob Scott ("Scott"), an attorney for the Fraternal Order of Police union, harassed her because of her sex, including by "belittl[ing] her, claim[ing] she had slept with male officers, and spread[ing] false rumors about her. (*Id*. at p. 26). Despite Johnson's complaints, she alleges that SIUE took no action. (*Id*. at

pp. 16, 26). It was only when a male sergeant also complained about Scott's conduct that SIUE acted to bar Scott from the police department. (Doc. 29, pp. 1-2).

On December 3, 2025, Johnson filed this suit. (Doc. 1). Discovery commenced on March 18, 2026 (Doc. 15), and on May 1, the Court entered the parties' ESI Order (Doc. 21). Included in Johnson's written discovery was Request for Production No. 2, which SIUE objected to. (Doc. 29-1, pp. 1-2). Following an unsuccessful meet-and-confer process, Johnson filed this motion to compel on October 20, 2026 (Doc. 29).

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

A party may move to compel a response when another party fails to produce documents under Rule 34. FED. R. CIV. P. 37(a)(3)(B)(iv). Nevertheless, requested discovery must be "reasonably tailored" to produce information that bears on a party's claims as alleged in the complaint. *Smith v. Portwood*, No. 19 C 5329, 2021 WL 4318076, at *2 (N.D. Ill. Sept. 23, 2021). Courts have broad discretion during discovery to fashion appropriately tailored relief. *See Fields v. City of Chicago*, 981 F.3d 534, 551 (7th Cir. 2020).

## DISCUSSION

### I. Request for Production No. 2

Request for Production No. 2 states: "Please produce any documents or communications regarding or relating to any complaints about Rob Scott and his interactions with any SIUE employees or contractors within the Police Department." (Doc. 29-1, p. 2).

SIUE objected that this request was "overly broad, unduly burdensome, and not proportional to the needs of the case;" that it sought irrelevant information because it requested information about Rob Scott, who is not an employee of SIUE or the SIUE Police Department, and non-parties; that it implicated privacy and confidentiality interests of non-parties; and that it implicated privileges and protections. (*Id.* at p. 2). In its response to the motion, SIUE further asserts that Johnson's request "challenges the sufficiency of the protocol . . . [that] was negotiated and agreed to by the parties . . . [without] identify[ing] a single responsive document known to exist that SIUE improperly withheld." (Doc. 32, p. 1).

As a preliminary matter, parties' discovery agreements do not trump their obligations under the Federal Rules of Civil Procedure.[1] *See In re Loc. TV Advert. Antitrust Litig.*, No. 18 C 6785, 2023 WL 5659926, at *6 (N.D. Ill. Aug. 31, 2023) ("[discovery] agreements do not control whether [the defendant] has met its discovery obligations under the Federal Rules of Civil Procedure."). Moreover, the ESI protocol to which both

[1] Except where the Rules state otherwise, such as Rule 26(a)(1)(A). Fed. R. Civ. P. 26(a)(1)(A).

parties agreed on May 1, 2026, states similarly. (Doc. 21). It specifies that the agreed-upon "search methodologies," which include "search terms," do not "relieve [the producing party] of its obligation" to produce "documents and data in its custody or control that are discoverable or responsive to a request for production." (*Id.* at p. 8). As such, the fact that Johnson's request for production requires SIUE to venture beyond the agreed-upon search terms does not automatically render the request improper.

SIUE's remaining objections also lack merit. First, Johnson appropriately narrowed her request in scope and timeframe to the following:

> (a) Category A: complaints by SIUE Police Department employees or contractors about Rob Scott alleging sexual harassment, sex discrimination, or retaliation, in the five years before the incidents at issue in the pleading through the present, to the present [sic], and documents reflecting SIUE's response to those complaints; and
>
> (b) Category B: any complaint about Rob Scott, by any person, in response to which SIUE took or considered any action concerning Mr. Scott (including barring or restricting his access to SIUE Police Department facilities, a warning, a directive, or a communication to the FOP), during the same period, and documents reflecting that action.

(Doc. 29, p. 11).

Second, production of other complaints against Scott and SIUE's response to them are relevant to Johnson's claim that SIUE "knew or should have known about" his conduct. (Doc. 1, p. 26); *see Equal Emp. Opportunity Comm'n v. Vill. At Hamilton Pointe LLC*, 102 F.4th 387, 403 (7th Cir. 2024) ("An employer may be liable for a hostile work environment originating from the harassing conduct of third parties."); *Carwyle v. Anna Hosp. Corp.*, 102 F. Supp. 3d 1024, 1033–34 (S.D. Ill. 2015) ("For an employer . . . to be liable under a harassment or retaliation claim, a

plaintiff first must show that the employer knew or should have known of the existence of the harassment.") (citing *Zimmerman v. Cook Cnty. Sheriff's Dep't*, 96 F.3d 1017, 1018 (7th Cir. 1996)); *Zupan v. State*, No. 95 C 1302, 1999 WL 281344, at *7 (N.D. Ill. Mar. 31, 1999) ("[A]n employer may have constructive knowledge of an employee's harassment by virtue of prior complaints lodged by other victims regarding the alleged harasser.") (citing *Dey v. Colt Construction & Development Co.*, 28 F.3d 1446, 1458 (7th Cir. 1994)). Rule 34 does not limit requests for production to materials concerning the responding party's employees; however, the requested item must be within that party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). SIUE has not claimed that it lacks possession, custody, or control over other complaints against Scott or information about SIUE's response to them. Thus, its relevance objection fails.

Third, SIUE's privacy and confidentiality concerns with respect to third-party information can be handled under the parties' protective order as necessary (Doc. 18). To the extent that the request for production implicates privileges and protections, both the ESI Order and Rule 26(b)(5)(A) provide instructions on how SIUE should proceed. (Doc. 21, pp. 10-11) (requiring a privilege log for withheld and redacted documents, except those listed under Section VI.4); Fed. R. Civ. P. 26(b)(5)(A) (requiring certain disclosure when a party withholds otherwise discoverable information due to privilege or protection).

Finally, SIUE insists that Johnson "identify a single responsive document

known to exist that SIUE improperly withheld."[2] SIUE cites no case law establishing this burden, and it is unclear to the Court how Johnson could be expected to do so when SIUE has not fulfilled its own obligation of informing her "whether any responsive materials are being withheld on the basis of [its] objection." Fed. R. Civ. P. 34(b)(2)(C).

All of SIUE's objections fail. As such, SIUE is ordered to serve an amended response to Request for Production No. 2, as narrowed by Johnson,[3] accordingly. The Court reminds SIUE that requests for production may extend to both electronic and physical information. Fed. R. Civ. P. 34(a)(1). If SIUE objects to producing certain documents or a portion of a document, it must state that it is withholding that document or portion. Fed. R. Civ. P. 34(b)(2)(C). If SIUE wishes to assert a privilege or protection, it must update its privilege log accordingly where applicable. (Doc. 21, pp. 10-11).

---

[2] Johnson identifies a few documents, including emails from Sergeant Dave Baybordi about Scott's conduct and an email from Scott about a morale survey, that she claims SIUE should have produced but did not. (Doc. 33-1, pp. 1-2). SIUE asserts that it was not required to produce these documents. (Doc. 35-1, pp. 1-3). Because Johnson apparently already possess these documents, the Court does not resolve this dispute.

[3] As stated above, the narrowed request for production is as follows:

> (a) Category A: complaints by SIUE Police Department employees or contractors about Rob Scott alleging sexual harassment, sex discrimination, or retaliation, in the five years before the incidents at issue in the pleading through the present, to the present [sic], and documents reflecting SIUE's response to those complaints; and
>
> (b) Category B: any complaint about Rob Scott, by any person, in response to which SIUE took or considered any action concerning Mr. Scott (including barring or restricting his access to SIUE Police Department facilities, a warning, a directive, or a communication to the FOP), during the same period, and documents reflecting that action.

(Doc. 29, p. 11). Paragraph (a) contains an obvious typographical error; Johnson shall immediately clarify to SIUE the time period for which she seeks documents.

## II. Fees

When a motion to compel is granted, Rule 37(a)(5)(A) permits an award of expenses against the party whose conduct necessitated the motion to compel discovery, unless the opposing party's conduct was "substantially justified" or other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Here, while the Court is sympathetic to the challenges of discovery, it is hard-pressed to agree that SIUE's objections were substantially justified. Nearly all its objections to the request for production were contradicted by the ESI protocol it agreed to and signed—and by the Rules themselves. In other words, this was not a dispute that should have required the Court's attention.

On these grounds, Johnson requests "her reasonable expenses, including attorney's fees, incurred in bringing this motion." Without more information, however, the Court cannot determine the reasonableness of the requested amount. As such, the Court orders Johnson to submit a detailed breakdown of the requested fees by email to NJRpd@ilsd.uscourts.gov. The Court reserves ruling on the request for expenses until it has reviewed the submission.

## Conclusion

For the reasons stated above, Plaintiff Lisa A. Johnson's Motion to Compel (Doc. 29) is **GRANTED**. Defendant Southern Illinois University Edwardsville is **ORDERED** to amend its response to the narrowed Request for Production No. 2 (as clarified by Johnson) on or before **December 18, 2026**. The Court **RESERVES RULING** on Johnson's request for reasonable expenses. Johnson is **ORDERED** to email

the Court a detailed breakdown of the fees she is requesting on or before **December 2, 2026**.

**IT IS SO ORDERED.**

**DATED: November 18, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**